DECISION
{¶ 1} Relator/petitioner, Jose E. Ortiz ("Ortiz"), filed this original action requesting issuance of a writ of mandamus directed to respondent, Judge Beverly Pfeiffer, of the Franklin County Court of Common Pleas ("Judge Pfeiffer"). In the alternative, Ortiz requests issuance of a writ of habeas corpus against respondent, Jim Karnes, Franklin County Sheriff ("Sheriff Karnes"). Judge Pfeiffer and Sheriff Karnes filed a joint motion for *Page 2 
summary judgment. We referred this matter to a magistrate of this court pursuant to Loc.R. 12(M) and Civ.R. 53.
 {¶ 2} On February 21, 2007, the magistrate issued a decision granting the motion for summary judgment. (Attached as Appendix A.) Ortiz filed objections to the magistrate's decision. For the reasons that follow, we overrule the objections to the magistrate's decision, modify the magistrate's decision to reflect additional reasoning for the conclusion, and grant the motion for summary judgment.
 {¶ 3} According to the complaint, Ortiz was arrested on March 8, 2005, in Philadelphia, Pennsylvania. At that time, Florida and Ohio each had detainers on Ortiz. Initially, Ortiz was extradited to Florida, where he was incarcerated for a parole violation. After he served his time in Florida, Ortiz was extradited to Ohio. Ortiz was appointed counsel to represent him on the pending Ohio charges. Judge Pfeiffer was assigned the case.
 {¶ 4} Ortiz filed a series of motions with the Franklin County Court of Common Pleas: a demand for speedy trial, a petition for an emergency writ of habeas corpus, a motion for replacement of counsel, and a motion to dismiss. The basis for Ortiz's claim for a writ of mandamus was that Judge Pfeiffer failed to rule on any of these motions. In her motion for summary judgment, Judge Pfeiffer attached copies of entries showing that she had denied Ortiz's motion for replacement of counsel and demand for speedy trial, and ordered the remaining motions stricken. The magistrate concluded that summary judgment on Ortiz's writ of mandamus claim was appropriate because the entries demonstrated that Judge Pfeiffer had already performed the actions Ortiz sought to compel. The magistrate further concluded that, since the request for a writ of habeas *Page 3 
corpus against Sheriff Karnes was based on the same facts as the request for a writ of mandamus against Judge Pfeiffer, summary judgment was also appropriate on the claim for a writ of habeas corpus.
 {¶ 5} Ortiz's objections to the magistrate's decision indicate that Ortiz concedes that his writ of mandamus claim has been rendered moot by Judge Pfeiffer's entries ruling on his various motions. Ortiz argues that his habeas corpus claim has not been affected by Judge Pfeiffer's decisions on his motions, because he claims Sheriff Karnes is holding him unlawfully, notwithstanding those decisions.
 {¶ 6} Summary judgment is proper when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the non-moving party. Civ.R. 56(C); State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.
 {¶ 7} While we do not agree with the magistrate's conclusion that the decision finding summary judgment appropriate on the writ of mandamus claim necessarily results in the conclusion that summary judgment is also appropriate on the habeas corpus claim, we do agree with the magistrate's ultimate conclusion that the habeas corpus claim should also be dismissed on summary judgment.
 {¶ 8} As with other extraordinary writs, habeas corpus is not available if there is an adequate remedy in the ordinary course of law.Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78. Ortiz's complaint and his response to respondents' *Page 4 
motion for summary judgment, indicate that his habeas corpus claim is based on allegations of improprieties that have occurred below, including prosecutorial misconduct, improper indictment, improper extradition, ineffective assistance of counsel, and deficiencies in the evidence. It is clear that all of the issues raised by Ortiz are issues that can be properly addressed through a direct appeal of any adverse decision by the trial court. Consequently, there is an adequate remedy in the ordinary course of law, and, thus, habeas corpus is not available.
 {¶ 9} Consequently, we adopt the magistrate's decision as modified to reflect the additional reasoning for granting summary judgment on Ortiz's habeas corpus claim, overrule the objections to the magistrate's decision, and grant summary judgment in favor of respondents.
Objections overruled, summary judgment granted.
 KLATT and FRENCH, JJ., concur. *Page 5 
 APPENDIX A MAGISTRATE'S DECISION Rendered on February 21, 2007 IN MANDAMUS AND HABEAS CORPUS ON RESPONDENTS' MOTION FOR SUMMARY JUDGMENT {¶ 10} In this original action, relator/petitioner, Jose E. Ortiz ("Ortiz"), an inmate of the Franklin County Corrections Center, requests writs of mandamus and habeas corpus. Ortiz requests that a writ of mandamus issue against respondent the Honorable Beverly Pfeiffer, a Judge of the Franklin County Court of Common Pleas ("Judge *Page 6 
Pfeiffer"). Ortiz also requests that a writ of habeas corpus issue against respondent Jim Karnes, the Sheriff of Franklin County, Ohio.
Findings of Fact: {¶ 11} 1. On September 19, 2006, Ortiz filed this original action requesting the issuance of writs of mandamus and habeas corpus.
 {¶ 12} 2. According to the complaint or petition, on March 8, 2005, Ortiz was arrested at Philadelphia, Pennsylvania. Florida and Ohio had detainers on Ortiz.
 {¶ 13} 3. According to the complaint or petition, on March 29, 2005, Ortiz was extradited to Florida where he served time for a parole violation.
 {¶ 14} 4. According to the complaint or petition, on April 27, 2006, Ortiz was extradited to Ohio from Florida.
 {¶ 15} 5. According to the complaint or petition, on June 27, 2006, the Franklin County Municipal Court appointed a public defender to represent Ortiz.
 {¶ 16} 6. According to the complaint or petition, Ortiz has filed with the Franklin County Court of Common Pleas a "demand for speedy trial," an "emergency writ of habeas corpus," a "motion for replacement of counsel," and a "motion to dismiss."
 {¶ 17} 7. According to the complaint or petition, respondent Judge Pfeiffer has failed to rule on the motions, demands or pleadings ("motions") described in the above paragraph.
 {¶ 18} 8. Based upon the allegation that Judge Pfeiffer has failed to rule on his motions, Ortiz requests a writ of mandamus ordering Judge Pfeiffer to rule on his motions. Ortiz also requests that this court issue a writ of habeas corpus. Issuance of a *Page 7 
writ of habeas corpus is apparently premised upon Judge Pfeiffer's failure to rule on the motions.
 {¶ 19} 9. On December 4, 2006, respondents moved for summary judgment. In support, respondents submitted certified copies of two entries issued by Judge Pfeiffer in case No. 94CR-10-5863.
 {¶ 20} 10. The first entry from Judge Pfeiffer denies the motion for replacement of counsel and, because defendant (Ortiz) has counsel, orders the other motions stricken.
 {¶ 21} 11. The second entry from Judge Pfeiffer is captioned "Entry Finding Moot Defendant's Demand for Speedy Trial Filed May 19, 2006."
 {¶ 22} 12. On December 7, 2006, the magistrate issued an order giving notice that respondents' December 4, 2006 motion for summary judgment is set for submission to the magistrate on December 26, 2006.
 {¶ 23} 13. On December 13, 2006, Ortiz filed a ten-page document captioned "Realtor's [sic] Objection To Respondents Motion For Summary Judgment And Motion To File Instanter." The magistrate construes the December 13, 2006 filing as a response to respondents' motion for summary judgment.
Conclusions of Law: {¶ 24} It is the magistrate's decision that this court grant respondents' motion for summary judgment, as more fully explained below.
 {¶ 25} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that *Page 8 
conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993),67 Ohio St.3d 337, 339-340; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146;Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 26} Civ.R. 56(E) states, in part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
 {¶ 27} Based upon the two certified copies of entries filed by Judge Pfeiffer, summary judgment is appropriate. Clearly, as for the mandamus action, Judge Pfeiffer has performed the act or acts that Ortiz seeks to compel through this action.
 {¶ 28} Because the request for a writ of habeas corpus is premised upon the alleged failure of Judge Pfeiffer to rule on the motions, Judge Pfeiffer's entries also undermine the request for a writ of habeas corpus.
 {¶ 29} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondents' motion for summary judgment. *Page 1